# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Bank of America, N.A.,

                Plaintiff,      Case No. 1:18-cv-05836

v.                                   Michael L. Brown
                                   United States District Judge

Elite Satellite Communications,
Inc., and Byram D. Smith, Sr.,

                Defendants.

_____/

## OPINION & ORDER

Plaintiff Bank of America, N.A., sued Defendants Elite Satellite Communications, Inc. ("ESCI") and Byram D. Smith, Sr. (together, "Defendants"), alleging they defaulted under a promissory note by failing to make payments when due. (Dkt. 1.) Neither Defendant answered the complaint. Plaintiff now moves for default judgment as to Defendant ESCI.[1] (Dkt. 10.) The Court agrees that Plaintiff has a right to default judgment as to Defendant ESCI and grants Plaintiff's motion.

---

[1] Plaintiff filed a suggestion of bankruptcy for Defendant Byram D. Smith, Sr., and claims against him remain stayed under 11 U.S.C. § 362.

I.  **Background**

In May 2013, Defendant ESCI and Plaintiff executed a promissory note (labeled a loan agreement) for a loan in the original principal amount of $280,000. (Dkts. 1 ¶ 5; 1-1 at 1.) To secure the debt, Defendant ESCI also executed a security deed pledging all its right, title, and interest in its real property located at 1677 Forest Parkway in Lake City, Clayton County, Georgia, and all rents, royalties, or other income derived from it. (Dkts. 1 ¶ 6; 1-1 at 3.) Defendant Smith signed a guarantee in favor of Plaintiff, guaranteeing and promising to pay promptly when due, all indebtedness of Defendant ESCI. (Dkt. 1 ¶ 7.) Collectively the loan agreement, security deed, and guarantee are referred to as the "loan documents."

Plaintiff is the holder and owner of the loan documents. (*Id.* ¶ 8.) Plaintiff concluded Defendants were in default of the loan documents because they failed to make payments when due and failed to pay the 2017 Clayton County real property taxes for the property (leading to a tax lien on the property in the amount of $4,720.16). (*Id.* ¶ 9.) In October

---

(Dkts. 9; 11.)  Plaintiff only moved for default judgment against Defendant ESCI.

2018, Plaintiff notified Defendants that they were in default and that, as permitted in the loan documents, it had elected to accelerate all sums due on the loan and demanded full and immediate payment of the entire debt. (*Id.* ¶ 10.) Defendants have paid no further amounts owed under the loan documents. (*Id.* ¶ 11.)

Plaintiff sued Defendants for breach of the loan documents, seeking to recover $229,130 in unpaid principal; $3,497.24 in accrued interest as of December 7, 2018; $213.78 in late charges; and additional interest, late charges, fees, costs, and expenses accrued since December 7, 2018. (*Id.* ¶ 12.) Plaintiff served Defendants, but Defendants failed to answer by the time required. (Dkts. 6; 7.) Plaintiff then requested a clerk's entry of default for Defendant ESCI under Rule 55(a). The Clerk entered that default. (Dkt. 8.) Plaintiff then moved for default judgment against Defendant ESCI and provided updated damages for interest accruals and attorneys' fees. (Dkt. 10.) Defendant ESCI did not oppose the motion, and in fact, has not responded here since being served in December 2018.

## II.  Legal Standard

If a defendant fails to plead or otherwise defend a lawsuit within the time required by the Federal Rules of Civil Procedure and the

3

plaintiff moves for default, the clerk must enter default. *See* FED. R. CIV. P. 55(a). Default constitutes admission of all well-pleaded factual allegations in the complaint but not an admission of facts incompletely pleaded or conclusions of law. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

After the clerk enters default, the "entry of a default judgment is committed to the discretion of the district court." *See Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Because of the "strong policy of determining cases on their merits," the Eleventh Circuit has cautioned that "default judgments are generally disfavored" and not granted as a matter of right. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). A court enters default judgment only "when there is 'a sufficient basis in the pleadings for the judgment entered.' " *Id.* at 1245 (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The standard for determining the sufficiency of the basis for the judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* A motion for default judgment is

4

conceptually like a reverse motion to dismiss for failure to state a claim. *Id.*

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). So in considering a motion for default judgment, a court accepts all well-pleaded facts as true and determines whether those facts state a claim for relief that is plausible on its face — that is, whether the plaintiff's allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (per curiam).

And when assessing default judgment damages, the court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Courts may enter such awards without holding an evidentiary hearing, but only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v.*

5

*Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).

**III. Discussion**

Because the Clerk entered default and Defendant ESCI failed to acknowledge or otherwise respond to Plaintiff's lawsuit, the Court considers admitted all well-pleaded factual allegations in Plaintiff's complaint. *See Cotton*, 402 F.3d at 1278.

**A.  Liability for Breach of Contract**

Under Georgia law, "[a] promissory note is an unconditional contract to pay." *Ray Mashburn Homes, LLC v. Charterbank*, 793 S.E.2d 655, 657 (Ga. Ct. App. 2016); *see also* GA. CODE ANN. § 11–9–102(a)(64) (" 'Promissory note' means an instrument that evidences a promise to pay a monetary obligation. . . ."). The elements for a breach of contract claim in Georgia are the (1) breach and (2) resultant damages (3) to the party who has the right to complain about the contract being broken. *SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 805 S.E.2d 270, 274 (Ga. Ct. App. 2017). And the holder of a promissory note has a prima facie right to recover on the note "as a matter of law by producing the promissory note and showing that it was executed." *Gentile v. Bower*, 477 S.E.2d

6

130, 133 (Ga. Ct. App. 1996); *see also Wells Fargo Bank, N.A. v. SFPD II, LLC*, No. 1:11-cv-04001-JEC, 2013 WL 541410, at *2 (N.D. Ga. Feb. 12, 2013).

Based on the allegations in Plaintiff's complaint, then, the Court finds that Plaintiff has done just that. Plaintiff has presented a promissory note — the loan agreement at issue, or "a contract evidencing a debt and specifying terms under which one party will pay money to another." *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). The Court holds that the complaint sufficiently alleges the elements necessary to state a claim for breach of contract under Georgia law based on Defendant ESCI's failure to pay the promissory note. Plaintiff has stated a claim for relief that is plausible on its face — that is, facts that allow the Court to draw the reasonable inference that ESCI is liable to it for the breach of a promissory note (i.e., the loan agreement).

Plaintiff has shown that it is the original owner and holder of the promissory note. There is thus no issue of its standing or status as an assignee. (Dkts. 1-1; 1-2.) Plaintiff has also sufficiently alleged that Defendant ESCI breached the loan agreement. Section 8.1 of the

7

agreement, for example, provides that Defendant ESCI is in default if it "fails to make a payment under this Agreement when due." (Dkt. 1-1 at 9.) Defendant ESCI thus breached the loan agreement when it did not pay the amounts owed when due. (Dkt. 1 ¶ 9(a).) Section 8.13 of the loan agreement also states that Defendant ESCI is in default of the agreement if it defaults "under any . . . security agreement, deed of trust, mortgage, or other document required by or delivered in connection with this Agreement." (Dkt. 1-1 ¶ 8.13.) Defendant ESCI failed to pay the Clayton County property taxes owed on the real property when they were due, a breach of Section 5.2 of the security deed. (Dkt. 1-2 ¶ 5.2.) Plaintiff has thus sufficiently pled two separate breaches of the loan agreement.

And the loan agreement signed by the parties allows Plaintiff to accelerate the entire balance owed under the agreement in the event of a default. (Dkt. 1-1 at 8.) Plaintiff thus has shown that Defendant ESCI is liable for breach of contract and that there is sufficient basis in the pleadings for the default judgment requested. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

**B. Damages**

Plaintiff's complaint also adequately establishes damages stemming from Defendant ESCI's breach. A court may award damages "only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co.*, 777 F.2d at 1544 (internal quotation marks omitted). And a court "may grant default judgment and award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1310 (N.D. Ga. 2017) (quoting *Adolph Coors Co.*, 777 F.2d at 1543). Suits on promissory notes are particularly well-suited for entry of default judgment for liquidated damages. *See Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 733 (11th Cir. 2016) (per curiam) (holding district court did not abuse its discretion in granting default judgment to holder of promissory note without first conducting evidentiary hearing because damages were "capable of mathematical computation").

Plaintiff seeks "a sum certain" here because "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's

default." *See Radiance Capital Receivables Seventeen, LLC v. Jivani*, No. 1:16-CV-3492-MHC, 2017 WL 7660396, at *3 (N.D. Ga. Apr. 19, 2017). Plaintiff's verified complaint is evidence like an affidavit and binds Plaintiff to the allegations and figures stated in it. *Williams v. Rickman*, 759 F. App'x 849, 852 (11th Cir. 2019). So the verified complaint obviates the need for a hearing on damages because the Court "may forego a hearing . . . where all essential evidence is already of record." *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 393 (11th Cir. 2018) (internal quotation marks omitted). The Court thus may enter judgment in the amounts specified in Plaintiff's verified complaint.

### C. Attorneys' Fees

The Court also finds Defendant ESCI liable for Plaintiff's attorneys' fees. Georgia law allows a party to recover its attorneys' fees up to 15% of outstanding principal and interest if the contract provides for the same. *See* GA. CODE ANN. § 13-1-11.

The loan agreement entitles Plaintiff to recover its reasonable attorneys' fees in collecting unpaid principal and interest. (Dkt. 1-1 at 11, ¶ 9.6.) When the contract does not specify an exact percentage, as here, Georgia law alternatively sets allowable attorneys' fees at "15

percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." § 13-1-11(a)(2).[2] Plaintiff also complied with the statutory ten-day notice requirement triggered by § 13-1-11(a)(3), both by providing Defendant ESCI pre-suit notice of its intent to seek attorneys' fees through its demand letter and by the filing of its complaint. *See Long v. Hogan*, 656 S.E.2d 868, 869 (Ga. Ct. App. 2008) (holding notice requirement met by filing of a complaint). Plaintiff is therefore entitled to statutory attorneys' fees under Georgia law.

The Court finds that, accepting as true all of Plaintiff's allegations and drawing all reasonable inferences in Plaintiff's favor, there is "a sufficient basis in the pleadings for the judgment entered," i.e., a finding

---

[2] Because Georgia statute provides for the calculation of attorneys' fees here, no affidavit attesting to the amount of fees incurred is required. *See Cmty. Marketplace Props., LLC v. SunTrust Bank*, 693 S.E.2d 602, 605 (Ga. Ct. App. 2010) (noting that because "the agreement to pay attorney fees of 15 percent of the principal and interest was enforceable, the amount of attorney fees to be awarded was only a matter of mathematical calculation" (internal quotation marks omitted)); *see also Branch Banking & Tr. Co. v. Camco Mgmt., LLC*, 704 F. App'x 826, 829 (11th Cir. 2017).

11

of liability for breach of contract and a money judgment for all amounts sought in the complaint, including attorneys' fees. *See Surtain*, 789 F.3d at 1245 (internal quotation marks omitted).

## IV. Conclusion

The Court **GRANTS** Plaintiff Bank of America, N.A.'s Motion for Default Judgment (Dkt. 10).

Although Plaintiff's action against Defendant Byram D. Smith, Sr., remains pending, the Court sees no just reason to delay entering judgment against Defendant ESCI under Rule 54(b) of the Federal Rules of Civil Procedure. The Court thus **DIRECTS** the Clerk to enter Judgment in Plaintiff's favor against Defendant Elite Satellite Communications, Inc.:

(a) $229,130.78 representing unpaid principal; plus

(b) $5,101.16 in interest accrued through February 1, 2019, together with interest accruing on the principal amount thereafter at the default rate of 10.5% per annum, or $28.64135 per day, through the date of this judgment; plus

(c) $23,448.19 in attorneys' fees under § 13-1-11(a)(2), representing 15% of the first $500.00 of all principal and

interest owed, plus 10% of the amount of principal and interest owed in excess of $500.00; plus

(d)  Post-judgment interest accruing thereafter at the default rate of 10.5% per annum, or $28.64135 per day, until paid in full or as otherwise provided by law.

**SO ORDERED** this 4th day of October, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE